NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEN BUFFALO, <br><br>          Plaintiff-Appellant, <br><br>  v. <br><br> STATE OF ARIZONA, named as State of Arizona, Attorney General; BOBBIE WOOLLEY, State Trooper, <br><br>          Defendants-Appellees, <br><br>  and <br><br> ARIZONA DEPARTMENT OF PUBLIC SAFETY, named as Department of Public Safety, Risk Management Division, <br><br>          Defendant. | No. 19-17401 <br><br> D.C. No. 4:18-cv-00248-RCC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted January 20, 2021**

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ben Buffalo appeals pro se from the district court's summary judgment in his diversity action alleging wrongful death claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Buffalo's negligence claims stemming from defendant Woolley's conduct because Buffalo failed to raise a genuine dispute of material fact as to whether defendants breached an existing duty or were the proximate cause of Bryce Buffalo's auto accident. *See Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (en banc) (setting forth elements of a negligence claim under Arizona law); *see also In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (describing non-moving party's burden to show specific facts demonstrating existence of genuine disputes for trial).

The district court did not err by deferring consideration of the summary judgment motion without formally ruling on Buffalo's request for additional time to take discovery. *See* Fed. R. Civ. P. 56(d) (setting forth the district court's options upon a proper showing by the nonmovant that it cannot present facts essential to justify its opposition to summary judgment); *Qualls ex rel. Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (setting forth standard of review for district court's failure to address a Rule 56(d) motion before granting summary judgment; decision on a Rule 56(d) motion need not be explicitly stated).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**